UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIE COX, ) | |
| ) | |
| Plaintiffs ) | |
| ) | CAUSE NO.  3:03-CV-0911 RM |
| v. ) | |
| ) | |
| CATHY ARNOLD, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Willie Cox, a *pro se* prisoner, filed this suit under 42 U.S.C. § 1983, alleging that on September 17, 2002 Cathy Arnold failed to take any action to stop an attack against him by other offenders or to contact other officers in order to stop the attack.[1] Ms. Arnold moves for summary judgment (docket # 56) on the claim against her.

> [T]he plain language of [FED. R. CIV. P.] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Celotex v. Catrett, 477 U.S. 317, 322-323 (1986).

---

[1] Mr. Cox's other claims were dismissed in this court's screening orders of May 12, 2004 (docket # 6) and October 21, 2004 (docket # 18).

Ms. Arnold argues that she was not aware of any attack against Mr. Cox when it occurred and that Mr. Cox hasn't shown that she was aware of an alleged attack. These are elements of Mr. Cox's claim against Ms. Arnold. Under the Eighth Amendment, prison and jail "officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825 (1994). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294 (1991). "For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. at 834.

Prisons and jails "are dangerous places. Housing the most aggressive among us, they place violent people in close quarters." McGill v. Duckworth, 944 F.2d 345, 349 (7th Cir. 1991). Deliberate indifference in such circumstances is defined as "criminal recklessness," Farmer v. Brennan, 511 U.S. at 839-840. A "prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. at 847.

Ms. Arnold states in her affidavit that although she was working as the control pod officer when Mr. Cox was attacked, she was unaware that the attack was taking place because she was moving back and forth in the control pod to determine whether all of the offenders had returned from the evening meal. (Declaration of Cathy Arnold, ¶7.) Ms. Arnold says after she received the information that Mr. Cox had been attacked, she contacted the sergeant so that further action could be taken. (Decl. of Arnold, ¶6.)

Mr. Cox asserts that there is evidence to create a genuine issue of fact as to the claim that Ms. Arnold witnessed the attack from the control pod, but made no effort to stop it. Mr. Cox says in his own affidavit that, "during the attack I witnessed Correction Officer Cathy Arnold standing in the window of the P-Unit control pod watching the incident," and "That on more than one occasion I observed defendant Arnold standing in the window of the P-Unit control pod watching the attack, without making any effort to stop it." Declaration at ¶¶ 3-4 (docket # 38-3). Similarly, fellow inmate Farenne Wilson says in an affidavit, "[t]hat I did observe Correctional Officer Cathy Arnold watching the incident from the P-Unit control pod window." Declaration at ¶ 3 (docket # 38-4.)

The defendant argues in her reply memorandum that Mr. Cox's response failed to comply with Local Rule 56.1 which states in part:

> (a) In the text of the supporting brief or an appendix thereto, filed in support of a motion for summary judgment pursuant to Local Rule 7.1, there shall be a "Statement of Material Facts," supported by appropriate citations to discovery responses, depositions, affidavits, and other admissible evidence, as to which the moving party

3

contends there is no genuine issue. Any party opposing the motion shall, within thirty (30) days from the date such motion is served upon it, serve and file any affidavits or other documentary material controverting the movant's position, together with a response that shall include in its text or appendix thereto a "Statement of Genuine Issues" setting forth, with appropriate citations to discovery responses, affidavits, depositions, or other admissible evidence, all material facts as to which it is contended there exists a genuine issue necessary to be litigated. Any reply shall be filed within fifteen (15) days from the date the response is served.

(b) In determining the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the "Statement of Genuine Issues" filed in opposition to the motion, as supported by the depositions, discovery responses, affidavits and other admissible evidence on file.

In response to the defendant's motion Mr. Cox submitted an "Opposition To Defendants Motion For Summary Judgment" (docket #38-1), a "Memorandum In Support Of Plaintiffs Opposition To Defendants Motion For Summary Judgment" (docket 38-2), his own affidavit (docket #38-3), and the Wilson affidavit (38-4). The court agrees that neither the "Opposition To Defendants Motion For Summary Judgment" nor the "Memorandum In Support Of Plaintiffs Opposition To Defendants Motion For Summary Judgment" contain a section called "Statement of Genuine Issues".

In Waldridge v. American Hoechst Corp., 24 F.3d 918 (7th Cir. 1994) the court of appeals discussed the ramifications of failing to comply with local rules such as LR 56.1. In that case, the plaintiff submitted a "Statement of Genuine

4

Issues." The court held that the plaintiff's "Statement of Genuine Issues" did not comply with the Southern District of Indiana's Local Rule 56.1. The court stated,

> In a sense, this is a general statement of the contested issues in the case, akin to the statement required by Rule 28(a)(3) of the Federal Rules of Appellate Procedure. But it certainly is not the kind of statement that Local Rule 56.1 envisions. There is no attempt to controvert the factual averments set forth in the defendants' own statements, to set forth the plaintiff's independent factual representations, or to point the court to the evidence in the record that supports the plaintiff's position on the disputed issues she has identified.

Waldridge v. American Hoechst Corp., 24 F.3d at 922.

Mr. Cox's "Opposition To Defendants Motion For Summary Judgment" meets the substantive requirements of LR 56.1. It attempts to controvert the factual averments set forth in the defendant's statement, sets forth his own factual representations, and points the court to the evidence in the record that supports his position on the disputed issues he has identified. *See* Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir. 1994). Mr. Cox's response complies in substance with L.R. 56.1.

A genuine issue of material issue of fact exists as to whether Ms. Arnold failed to protect Mr. Cox when she could have done so. Summary judgment is inappropriate. The court **DENIES** the defendant's summary judgment motion. (Docket #30.)

SO ORDERED.

ENTERED:   February 16, 2006

 /s/ Robert L. Miller, Jr.

                                          Chief Judge  
                                          United States District Court